UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TERRY SMITH, #132209,

                         Plaintiff,

       -against-

MARIA A. TROULAKIS, Assistant District Attorney;

                       Defendant.
------------------------------------------------------------------X

**FILED**
**CLERK**

8/5/2022 1:28 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**
22-CV-3441(GRB)(LGD)

**GARY R. BROWN, United States District Judge:**

       Before the Court is the application to proceed *in forma pauperis* ("IFP") filed by *pro se* plaintiff Terry Smith ("Plaintiff" or "Smith") while incarcerated at the Suffolk County Correctional Facility in relation to his sixth complaint.[1] Docket Entry "DE" 1. Upon review, the Court finds that Plaintiff has not alleged a plausible claim, and, for the reasons that follow, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## BACKGROUND

**1. Summary of the Complaint[2]**

       Plaintiff's complaint is submitted on the Court's form for civil rights actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and includes three additional handwritten pages as well as eleven pages of exhibits. *See* DE 1, *in toto*. The complaint names as the sole defendant Maria A. Troulakis ("Troulakis" or "defendant") who is alleged to be the assistant district attorney

---

[1] *See* 19-CV-00323(MKB)(LGD) *Smith v. Rossini, et al.* (§ 1983 action stayed by Order dated March 5, 2021); 19-CV-5941(MKB)(LGD) *Smith v. Doyle, et al.* (same); 21-CV-4541(GRB)(JMW) *Smith v. Sini* (§ 1983 complaint dismissed for failure to prosecute by Order dated September 11, 2021); 22-CV-0017(GRB)(LGD) *Smith v. Suprina* (proceeding); and 22-CV-2673(GRB)(LGD) *Smith v. Suprina, et al.*, (§ 1983 action stayed by Order dated May 27, 2022).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

who presented the underlying criminal matter against Smith to the grand jury.[3]  *Id*.

According to the complaint, during the December 1, 2021 grand jury presentation, defendant "presented unvalid information to the Grand Jury." *Id*. at 6. Plaintiff asserts that defendant presented an unsigned document described as a "Project Estimate Report" from Lowe's Home Center, LLC ("Lowe's") reflecting that plaintiff had inquired about purchasing a particular wrench kit and hammer drill. *Id*. at 6 and Ex. A. According to the transcript excerpt Plaintiff included with his complaint, there was a burglary at Lowe's at approximately 11:20 p.m. on November 26, 2021. Ex. B. A representative from Lowe's, Brian Rose ("Rose"), testified that he viewed video footage after arriving at the store upon finding that there was a break-in. *Id.* Upon reviewing the footage, Rose recognized the subject as the same individual, wearing the same clothes, who had visited the store the day before and who had inquired about purchasing the same wrench kit and hammer drill reflected on the Project Estimate Report. *Id*. Rose describes that the subject on the video selects the same wrench kit and hammer drill as the Project Estimate Report. *Id*. Plaintiff also complains that ADA Troulakis knowingly elicited false testimony by permitting Rose to testify to incorrect information regarding the time that he viewed the video footage of the break-in. Compl., DE 1 at 7. Finally, Plaintiff alleges that ADA Troulakis "knew when this case was presented to the Grand Jury on Dec. 1, 2021 there was No Warrant for my Arrest when the police entered and/or barged through my door." *Id.* at 8.

In the space on the form complaint that asks for a description of any injuries suffered as a result of the events alleged, Plaintiff wrote "pain and suffering, mental anguish, stress, sleepless

---

[3] According to the information maintained by the New York State Office of Court Administration on its public docket, plaintiff is awaiting trial having been indicted under Indictment No. IND-71031-21 on charges including burglary in the 3rd degree. *See* https://iapps.courts.state.ny.us/webcrim (last visited August 3, 2022).

nights" for which he seeks to recover a monetary award in the sum of $1 million. *Id.* at 4-5, ¶¶ II.A.-III.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

1. ***In Forma Pauperis***

Upon review of the IFP application, the Court finds that plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP is granted.

2. **Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).
>
> It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

>Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

Section 1983 provides that:

>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*. The Court analyzes plaintiff's Section 1983 claims below.

I.  **Immunity**

   A. **The Eleventh Amendment**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court has long held that the Eleventh Amendment bars suits against a state by one of its own citizens in federal court. *See*, *e.g.*, *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Eleventh Amendment immunity extends to state officials acting in their official capacities, including an assistant district attorney. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (dismissing § 1983 claims against prosecutors because the Eleventh Amendment bars claims against district and assistant district attorneys acting in their official capacities); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county.").

However, sovereign immunity "is not absolute," and the Supreme Court "ha[s] recognized . . . two circumstances in which an individual may sue a State." *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). First, "a State may waive its sovereign immunity by consenting to suit." *Id.* Second, "Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment." *Id.*; *see also Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000). Neither of these exceptions applies in this case. It is well-established that New York State has not waived its sovereign immunity from Section 1983 claims. *Mamot v. Bd. of Regents*, 367 Fed. App'x 191, 192 (2d Cir. 2010) (summary order).

5

Moreover, Congress did not abrogate that immunity when it enacted Section 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]").   Thus, Plaintiff's claims against ADA Troulakis in her official capacity are barred by the Eleventh Amendment and are thus dismissed pursuant to 28 U.S.C §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).[4]

### B. Prosecutorial Immunity

As this Court has previously explained,

> [u]nder federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities, *i.e.*, those acts intimately associated with the judicial phase of the criminal process . . . but not for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate.

*Trotman v. Doe*, No. 18-CV-7469 (GRB)(LB), 2020 WL 5097236, at *6 (E.D.N.Y. Aug. 27, 2020) (internal quotation marks and citation omitted).   Here, plaintiff's Section 1983 claims against the prosecutor in her individual capacity must fail because her presentation to the grand jury "falls squarely in the acts intimately associated with the judicial phase of the criminal process, and thus, [s]he[] must be afforded prosecutorial immunity in this context."  *Id.* at *7 (internal quotation marks and citation omitted).   Indeed, a prosecutor's "alleged presentation of false evidence to the grand jury 'lies at the very core of a prosecutor's role as an advocate engaged in the judicial phase of the criminal process.'" *Buari v. City of N.Y.*, 530 F. Supp. 3d 356, 380 (S.D.N.Y. 2021) (alteration omitted) (quoting *Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (collecting cases); *Soley v. Cnty. of Nassau*, No. 18-CV-377 (ARR)(SJB), 2022 WL 2954055, at

---

[4] Plaintiff's Section 1983 claims are implausible for the additional reason that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983" and thus no action may lie against them for money damages. *Will*, 491 U.S. at 71.

\*5 (E.D.N.Y. July 26, 2022) (finding prosecutor was immune from suit and dismissing Section 1983 claims against her in her individual capacity insofar as they were based on her allegedly eliciting false testimony before the grand jury); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 72 (2d Cir. 2019) (explaining that prosecutors have absolute immunity for decisions and acts that "constitute[ ] an exercise of their prosecutorial discretion in preparing a case for indictment and deciding when, where, and how to prosecute").  Accordingly, these claims are not plausible, *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) ("'[A] state prosecuting attorney who acted within the scope of [her] duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damage'" under § 1983) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)), and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e) (2)(B)(iii) and 1915A(b)(2).

## II.     Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted).   However, leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Given that the deficiency in Plaintiff's claim could not be cured with amendment, leave to amend would be futile.   Accordingly, leave to amend the complaint is denied.

## CONCLUSION

Based on the foregoing, plaintiff's application to proceed IFP is granted.   However, complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).   Leave to amend

the complaint is denied.   The Clerk of the Court shall enter judgment accordingly and mark this case closed.   The Clerk of the Court shall also mail a copy of this Order to the *pro se* Plaintiff at his address of record and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Gary R. Brown　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Hon. Gary R. Brown**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

Dated:　　　　August 5, 2022
　　　　　　　Central Islip, New York